# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-08-177-3 |
| | § | |
| ALBERTO PENA | § | |

## MEMORANDUM AND ORDER

This criminal prosecution is before the Court on the Motion to Suppress [Doc. # 164] filed by Defendant Alberto Pena.[1]  The United States filed its Response [Doc. # 176] and Pena filed a Reply [Doc. # 177].  Based on the Court's review of the Motion to Suppress and related exhibits, and the application of governing legal authorities, the Court **denies** the Motion to Suppress.

Alberto Pena and several other Defendants were charged by Indictment [Doc. # 1] with conspiracy to commit visa fraud and to encourage and induce illegal

---

[1] In the "Factual Summary" section of the Motion to Suppress, Pena discusses the warrant issued for a search of his residence.  In the "Argument and Authorities" section of the Motion, Pena asserts that the items seized "were clearly outside the scope of the search warrant issued for the AMEB premises."  In the concluding paragraph of the Motion, Pena asks for suppression of evidence seized during the search of his residence.  No exhibits were attached to the Motion.  The United States addressed both search warrants in its Response, and the Court will likewise address both warrants.

immigration.  Pena was also charged with substantive counts of encouraging and inducing illegal immigration for the purpose of private financial gain in violation of 8 U.S.C. § 1324(a)(1)(A)(iv), and with engaging in monetary transactions in property derived from unlawful activity in violation of 18 U.S.C. § 1957.  The United States alleges that Pena fraudulently obtained H-2B visas for Indian aliens for private gain. Pena has entered pleas of not guilty to all charges in the Indictment.

Pena is the owner of a home in Brownsville, Texas.  Pena is also co-owner of a visa facilitation firm called AMEB Business Group ("AMEB"), as well as sole owner of North America Quality Industrial Systems Corporation ("North America").

In June 2007, United States Magistrate Judges issued a search warrant for the AMEB offices in Houston, Texas [Exh. 8 to Response] and a search warrant for Pena's residence in Brownsville, Texas [Exh. 10 to Response].  The warrants were executed, and H-2B visa applications for Mexican workers filed on behalf of North America were seized.[2]  Pena argues that the seizure of these North America documents was outside the scope of the warrants which were limited to evidence of "an alleged conspiracy to fraudulently obtain H2B visas for approximately eighty-eight (88)

---

[2] An H-2B visa allows employers in the United States to hire alien workers for temporary non-agricultural work if the employer can demonstrate that there are no qualified United States workers to perform the job and that hiring alien workers will not adversely affect local wages.  Only 66,000 H-2B visas may be issued per year.

Indian nationals." The Court concludes that the search warrants were not limited to visa applications filed by AMEB for Indian aliens.

Where a search warrant authorizes the seizure of "evidence" of certain identified crimes, the Court determines whether there was cause for the law enforcement officials executing the warrant to believe that the particular item of evidence "will aid in a particular apprehension or conviction." *See Warden v. Hayden*, 387 U.S. 294, 307 (1967). Items that are evidence of similar acts can be seized if they are relevant to an issue such as intent or knowledge. *See Andresen v. Maryland*, 427 U.S. 463, 483 (1976).

In this case, each search warrant authorized federal law enforcement agents to search the described premises and to seize evidence "of the crimes described in the attached affidavit." The affidavits [Exh. 7 and Exh. 9 to Response] reflect that the affiant was seeking to obtain a search warrant in connection with only the suspected crimes of visa fraud and encouraging and inducing unlawful immigration. The affidavits specifically mentioned North America as having its place of business at the AMEB premises. The affidavits identify North America as a "d/b/a" of AMEB, indicating that AMEB and North America were closely related companies and were being treated together for purposes of the affidavits. Although Pena states in his Reply that AMEB and North America are not the same company, it is clear from the

affidavits that the federal agents investigating the case were treating them as the same for purposes of the affidavits and the warrants.  Moreover, it is uncontroverted that Pena is an owner of both AMEB and North America and, therefore, evidence that Pena submitted fraudulent visa applications involving North America -- a company wholly-owned by Pena  -- could reasonably be viewed as evidence that Pena knew that the visa applications filed by AMEB were fraudulent.  Indeed, the evidence was identified by the United States in its Rule 404(b)[3] Notice as evidence the United States intended to offer during trial to show, *inter alia*, intent and knowledge.[4]  *See* Rule 404(b) Notice [Doc. # 157], p. 3.  The seizure of the North America documents was reasonably within the scope of the warrants.

Pena also argues that the affidavits focused on visa applications for Indian nationals and, therefore, seizure of documents relating to visa applications for Mexican nationals was outside the scope of the warrant.  Neither the affidavits nor the

---

[3]   Rule 404(b) of the Federal Rules of Evidence permits the United States to introduce evidence of prior wrongful acts as proof of a defendant's "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident" if notice is given before trial.  *See* FED. R. EVID. 404(b).

[4]   Pena objects to the introduction of the evidence under Rule 404(b).  *See* Alberto Pena's Response to Government's Rule 404(B) Notice [Doc. # 170].  Unless Defendants' intent and knowledge are not at issue, the United States is entitled to present evidence under Rule 404(b).

search warrants, however, were limited to criminal violations involving fraudulent visa applications for aliens from any specific country.

The record establishes that the search warrants issued for Pena's residence and for AMEB offices allowed seizure of the challenged documents as evidence of visa fraud and encouraging and inducing illegal immigration. Accordingly, it is hereby

**ORDERED** that Alberto Pena's Motion to Suppress [Doc. # 164] is **DENIED**.

Signed at Houston, Texas, this 20th day of **March, 2009**.

Nancy F. Atlas
United States District Judge