# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-08-177 |
| | § | |
| ALBERTO PENA | § | |
| BERNARDO PENA | § | |

## MEMORANDUM AND ORDER

This criminal prosecution is before the Court for a ruling on the admissibility

of questioning under Rule 608(b) of the Federal Rules of Evidence regarding a prior

embezzlement scheme.  The United States filed an Evidentiary Memorandum [Doc.

# 173] and Alberto Pena filed a Response to the Government's Rule 608(b) Theory

[Doc. # 179].  Based on the Court's review of the briefing and the application of

governing legal authorities, the Court overrules Alberto Pena's objection.  If either

Alberto Pena or Bernardo Pena elect to testify at trial, the United States may ask about

the prior embezzlement.

Alberto Pena and Bernardo Pena, together with several other Defendants, were

charged by Indictment with conspiracy to commit visa fraud and to encourage and

induce illegal immigration, and with substantive counts of encouraging and inducing

illegal immigration for the purpose of private financial gain in violation of 8 U.S.C.

§ 1324(a)(1)(A)(iv), and with engaging in monetary transactions in property derived from unlawful activity in violation of 18 U.S.C. § 1957.  The United States alleges that the Penas fraudulently obtained H-2B visas for Indian aliens for private gain. Alberto Pena and Bernardo Pena have entered pleas of not guilty to all charges in the Indictment.

Alberto Pena and Bernardo Pena engaged in an embezzlement scheme involving funds from the University of Texas - Brownsville.  When initially questioned about the embezzlement, each Pena provided false information.  Both Penas later admitted their involvement and entered a plea of guilty to first degree felony theft under Orders of Deferred Adjudication.[1]

The United States has indicated that, if either Pena elects to testify at trial, it intends to question the testifying Defendant about the embezzlement scheme pursuant to Rule 608(b) of the Federal Rules of Evidence.  Rule 608(b) provides that specific instances of conduct of a witness relevant to the issue of the witness's character for truthfulness may not be proved by extrinsic evidence, but may be inquired into on cross-examination of the witness.  *See* FED. R. EVID. 608(b).  Alberto Pena argues that

---

[1]    The Penas successfully completed the term of deferred adjudication and, as a result, there is no "conviction" for purposes of Rule 609 of the Federal Rules of Evidence which allows the Government to attack a testifying defendant's character for truthfulness by introducing evidence of certain felony convictions.  *See* FED. R. EVID. 609(a).

the Court should not allow the United States, pursuant to Rule 608(b), to inquire on cross-examination about the embezzlement scheme.  Instead, Pena urges the Court to limit the United States "to offering negative character witnesses about a defendant's reputation for truth and veracity in the community."  *See* Response [Doc. # 179], p. 1.  Pena argues that Rule 608(b) is unconstitutional as applied in this case because it "would chill the defense's opportunity to fully exercise their constitutional rights." *Id.* at 6.  Pena also argues that the proper balancing under Rule 403 requires that the United States not be allowed to ask about the prior embezzlement scheme on cross-examination should either Pena elect to testify at trial.

The argument that Rule 608(b) is unconstitutional because cross-examination regarding a defendant's truthfulness might affect a defendant's decision regarding whether to testify is without merit.  Rule 608(b) has been applied recently, consistently, and repeatedly in the Fifth Circuit and throughout the United States without any court ever holding that the rule is unconstitutional.  *See, e.g., United States v. Yong Ping Liu*, 288 F. App'x. 193, 204-05 (5th Cir. Aug. 2008) (affirming district court's decision to allow questioning under Rule 608(b) in visa fraud prosecution).

The Court finds that questions regarding the embezzlement scheme under Rule 608(b) are not precluded by Rule 403.  If either Pena testifies at trial, the testifying

Defendant puts his character for truthfulness squarely in issue. *See United States v. Morgan*, 505 F.3d 332, 340 (5th Cir. 2007); *Yong Ping Liu*, 288 F. App'x. at 204. The prior embezzlement scheme in question is relevant and probative of the participants' character for truthfulness. *See Morgan*, 505 F.3d at 340; *United States v. Tomblin*, 46 F.3d 1369, 1389 (5th Cir. 1995). Yet, under Rule 403, relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, of misleading the jury, or by considerations of under delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403.

In this case, although the embezzlement scheme is clearly probative of the Penas' character for truthfulness, it is sufficiently different from the visa fraud and encouraging illegal immigration charges in the Indictment that there is little likelihood that the jury would be confused or misled. As a result, the Court concludes that the probative value of the embezzlement conduct on the issue of the Penas' character for truthfulness is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Additionally, because the United States may only inquire about the embezzlement scheme and may not otherwise present extrinsic evidence of the conduct, there is little danger of undue delay, waste

of time, or needless presentation of cumulative evidence.  Rule 403 does not support

excluding the Rule 608(b) questioning.  It is hereby

**ORDERED** that Alberto Pena's objection to the Government's questioning

pursuant to Rule 608(b) about the prior embezzlement is **OVERRULED**.  If either

Alberto Pena or Bernardo Pena elect to testify at trial, the United States may ask the

testifying Defendant about the prior embezzlement.

Signed at Houston, Texas, this **20th** day of **March, 2009**.

Nancy F. Atlas
United States District Judge